IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
_____
                              )
METAL SALES MANUFACTURING     )
CORPORATION,                  )
                              )
     Plaintiff,               )
                              )
v.                            )     No. 05-2123 Ma/V
                              )
WERNE & ASSOCIATES, INC.      )
                              )
     Defendant.               )
_____
```

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO TRANSFER
_____

Before the court is Defendant Werne & Associates, Inc.'s ("Werne") March 8, 2005 motion to dismiss or transfer. Plaintiff Metal Sales Manufacturing Corporation ("Metal Sales") filed a response on October 3, 2005, to which Werne replied on October 24, 2005.

**I. Background**

Metal Sales is a Kentucky corporation with its principal place of business in Sellersburg, Indiana. (Complaint ¶ 1.) Werne is a Mississippi corporation with its principal place of business in Brandon, Mississippi. (Complaint ¶ 2.) Metal Sales and Werne entered into a Sales Representation Agreement (the "Agreement"), which provided that Werne would solicit orders within a geographic territory including the entire states of Tennessee, Mississippi, Alabama, and Louisiana for specified products or categories of products manufactured by Metal Sales. (Complaint ¶ 4.)   Metal

Sales alleges Werne owes substantial sums under the Agreement. Metal Sales alleges that it is entitled to a declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

## II.  Jurisdiction

Metal Sales alleges that the parties are diverse, the amount in controversy exceeds $75,000, and that this court has jurisdiction under 28 U.S.C. 1332(a). (Complaint ¶ 3.) Werne argues that this court lacks personal jurisdiction and subject matter jurisdiction and in the alternative, that a transfer of venue is warranted.  (Mtn. to Dismiss at 1.)

## III. Analysis

### A. Dismissal

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that dismissal is proper if there is "lack of jurisdiction over the person."  The burden of establishing the existence of personal jurisdiction is borne by the party bringing the lawsuit. Welsh v. Gibbs, 631 F.2d 436, 438 (6th Cir. 1980).  The plaintiff may not stand on its pleadings alone but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991).

When deciding a Rule 12(b)(2) motion, courts must view the evidence in the light most favorable to the plaintiff.  Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd., 91 F.3d 790,793 (6th Cir. 1996).  Dismissal is appropriate only if "all the specific

2

facts which the plaintiff...alleges collectively fail to state a prima facie case for jurisdiction." <u>CompuServe, Inc. v. Patterson</u>, 89 F.3d 1257, 1262 (6th Cir. 1996).

In a diversity case, a federal court determines whether it has personal jurisdiction exists over a nonresident defendant by applying the law of the state in which it sits.  <u>American Greetings Corp. v. Cohn</u>, 839 F.2d 1164, 1167 (6th Cir. 1998).  The Tennessee long-arm statute provides for personal jurisdiction over nonresidents on "any basis not inconsistent with the constitution of this state or the United States."  Tenn. Code Ann. § 20-2-214(a)(6).  The only limitations placed on the court's exercise of personal jurisdiction over Werne are those imposed by due process considerations.  Thus, the court will confine its inquiry to whether the exercise of personal jurisdiction passes constitutional muster.

Pursuant to the Constitution, personal jurisdiction over a defendant stems from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The critical question a minimum-contacts analysis seeks to answer is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S.

286, 297, 100 S.Ct. 559, 569, 62 L.Ed.2d 490 (1980).

In analyzing the due-process limits of personal jurisdiction, courts distinguish "general" jurisdiction and "specific" jurisdiction. See e.g., Burger King Corp. V. Rudzewicz, 471 U.S. 462, 472-73 n. 15, 105 S.Ct. 2174, 2181-82 n. 15, 85 L.Ed2d 528 (1985). In a case of general jurisdiction, a defendant's contacts with the forum state are of such a "continuous and systematic" nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state. Perkins v. Benquet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 495 (1952). In a specific jurisdiction case, "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414n 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.ed.2d 404 (1984).

Based on the filings before the court, neither party argues that this court has general jurisdiction. Werne is a Mississippi corporation. Werne has never had an office or place of business in Tennessee and maintains that it has never held itself out as doing business here (Mtn. to Dismiss at 2.), although the Agreement provides that Werne will solicit orders in Tennessee. On balance, there is insufficient evidence that Werne had continuous and systematic contact establishing general jurisdiction.

In determining whether specific jurisdiction exits, the Sixth Circuit has established a three-step inquiry:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Mach. Co., Inc. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968).

The first criterion requires Werne to have purposefully availed itself of the privilege of acting in Tennessee, the forum state. The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction because of "random," "fortitous," or "attenuated" contacts. Keeton v. Hustler Magazine, Inc., 465 U.S 770 at 774, 104 S.Ct. 1473 at 1478, 79 L.Ed.2d 790 (1984). Jurisdiction is proper where the contacts proximately result from actions by the defendant itself that create a "substantial connection" with the forum State, and when the defendant's conduct and connection with the forum are such that it "should reasonably anticipate being haled into court there." Id.

Werne argues that in personam jurisdiction may not constitutionally be exercised. Werne offers an affidavit by Richard Werne, president of Werne & Associates, which states that neither Metal Sales nor Werne discussed or negotiated the Agreement in Tennessee; no part of the Agreement was accepted, formed or

5

executed in Tennessee; and the Agreement was executed by Werne in Mississippi and, presumably, by Metal Sales in Indiana. (Exhibit A, Mtn. to Dismiss ¶ 8.) These matters are beyond the scope of a motion to dismiss, but even if they were to be considered, the Agreement that Werne made with Metal Sales includes the state of Tennessee in Werne's sales region.

Metal Sales contes that "Werne sought and obtained the right to represent Plaintiff's products in this State, and cannot reasonably contend that it is not subject to specific jurisdiction." (Resp. to Mtn. to Dismiss at 2.)

Metal sales bears the burden of establishing personal jurisdiction. Metal Sales relies on the Agreement with Werne to support a finding of jurisdiction. Because the Agreement required Werne to conduct business in the state of Tennessee, it does not offend the notions of substantial justice and fair play for this court to exercise jurisdiction over Werne. Werne availed himself of the laws of Tennessee when it agreed to conduct business in the state. Therefore, Werne's motion to dismiss is DENIED.

### B. Transfer

In the alternative, Werne argues for a change of venue to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a). Metal Sales argues in the alterative that the case should be transferred to the Middle District of Tennessee at Nashville.

To determine whether transfer is appropriate under Section

6

1404(a), the Court must consider several case-specific factors.
They include:

> the convenience of parties and witnesses, public-interest
> factors of systemic integrity, and private concerns
> falling under the heading the interest of justice. A
> forum-selection clause in a contract is one of the
> factors to consider in this calculus. Such a clause
> should receive neither dispositive consideration nor no
> consideration but rather the consideration for which
> Congress provided in § 1404(a).

Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531,
537-38 (internal quotes and citations omitted).

### 1. Forum-Selection Clause

Forum-selection clauses are prima facie valid and should
be enforced unless enforcement is shown by the resisting party
to be unreasonable under the circumstances. See Moses v.
Business Card Express, Inc., 929 F.2d 1131, 1136 (6th Cir.
1999); see also The Bremen v. Zapata Off-Shore Co., 407 U.S.
1, 10, 92 S.C. 1907, 32 L.Ed.2d 513 (1972).

The Agreement states in relevant part: "10
Venue/Severability.  This agreement shall be subject to and
shall be enforced and construed pursuant to the laws of the
State of Indiana."  Although the heading references venue,
the accompanying text does not refer to venue. Because the
Agreement does not address venue and neither party argues that
venue in Indiana is proper, this factor does not weigh in
favor of either party.

### 2.   Convenience of the parties and witnesses

Werne argues that virtually all of its witnesses in this action are located in or near the Southern District of Mississippi.  Metal Sales argues that many of its witnesses are located near Nashville. Although both parties argue that other venues are more convenient, neither party persuades the court that its preferred venue is more convenient for both parties.

### 3.   Public-interest factors of systemic integrity

Public-interest factors include the issues of congested dockets, concerns about resolving controversies locally, and in a diversity case, having the trial in the forum that is at home with the state law that must govern the case.  See Gulf Oil Corp, v. Gillbert, 330 U.S. 501, 508-509, 67 S. Ct, 839, 91 L.Ed. 1055(1947).

Werne argues that transferring the case to the Southern District of Mississippi would promote systemic integrity because there is a case between Werne and Metal Sales, about the Agreement, pending in the Southern District of Mississippi.  Thus, this factor weighs in favor of transfer to the Southern District of Mississippi.

### 4.   Private-interest factors

Private-interests includes the relative ease of access to the source of proof, availability of compulsory process for

attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, the possibility of viewing the premises, and all other practical problems that make trial of a case easy, expeditious and inexpensive. See Gulf Oil, 330 U.S. at 508.

This factor weighs in favor of Werne. Because a case about the Agreement is already pending between both parties in the Southern District of Mississippi, practical concerns warrant transfer of this case. Transfer allows the possible consolidation of the cases and the reduction of costs for both parties.

After considering the relevant factors, the court concludes that transferring this action to the Southern District of Mississippi is in the interests of justice. The majority of factors weigh in favor of transferring the case. Therefore, Werne's motion to transfer this case to the Southern District of Mississippi is GRANTED.

**IV. Conclusion**

For the foregoing reasons the court DENIES Werne's motion to dismiss and GRANTS Werne's motion to transfer.

So ORDERED this 30th day of March 2006.

                    _____
                    s/ SAMUEL H. MAYS, JR.
                    UNITED STATES DISTRICT JUDGE